UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY CHARLES BRESTLE, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 11-1771 (BJR) ) |
| HARLEY LAPPIN, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

On June 20, 2013, the Court granted summary judgment to the defendant in this Freedom of Information Act ("FOIA") case on the adequacy of the search for responsive records and the claimed exemptions but found that it had insufficient information to make the requisite segregability finding. *See* June 20, 2013 Mem. Op. and Order [Dkt. # 46] at 14-16 (citing *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007)). Defendant was ordered (1) to clarify whether it had actually withheld information pertaining to "techniques and procedures," as was mentioned by the declarant, *id*. at 14, and (2) to explain the withholding of "large blocks of information" under FOIA exemption 7(C). *Id*. at 14-15.

<u>Defendant's Response</u>

In response to the Order, defendant has proffered the Supplemental Declaration of Christine Greene [Dkt. # 62-1]. Ms. Greene attributes the reference to techniques and procedures in her initial declaration to "scrivener's error," and she has confirmed that "[n]o [such] information was withheld." *Id*. at 2 & ¶ 4.

1

As for the application of exemption 7(C), Ms. Greene admits that this exemption "was used too extensively," *id*. ¶ 8, and that only "insular words, *i.e*., the names and other identifying factors" should have been redacted under exemption 7(C). *Id*. ¶ 9. Ms. Greene states that the previous release was "reassessed," *id*. ¶ 10, and that "[t]his error has been corrected and the properly redacted pages have been released to [plaintiff]." *Id*. 9. Ms. Greene has included as Attachment A the pages that were re-released to plaintiff on September 3, 2013. The Court finds from Ms. Greene's supplemental declaration and its examination of the redacted pages that defendant has released all reasonably segregable portions of responsive pages to plaintiff.

Plaintiff's Pending Motions

Also pending are plaintiff's three contested motions, each of which will be denied for the following reasons.

First, plaintiff seeks leave to file a supplemental memorandum [Dkt. # 55], but he has not proffered the proposed document. Regardless, as defendant has observed, plaintiff's assertions in support of the motion "merely reiterate[] a variant" of his public interest argument that the Court has already rejected. Def.'s Mem. of P & A in Opp'n to Pl.'s Mot for Leave to File Supplemental Mem. at 2; *see* Mem. Op. at 10-12. The Court finds no basis for allowing plaintiff to supplement the record with a futile argument.

Second, plaintiff moves to compel the production of documents responsive to a FOIA request dated March 9, 2012, *see* Mot. to Compel [Dkt. # 58], Ex. 1, but defendant has correctly countered that "this . . . request is neither at issue in nor a claim to the current action." Def.'s Mem. of P. & A. in Opp'n to Pl.'s Mot. to Compel at 1; *see* Mem. Op. at 1, 2 (identifying the subject of this action as plaintiff's FOIA request dated May 9, 2011).

Third, plaintiff seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *see* Mot. Re: Relief, Unopposed by DOJ Under Title 5, United States Code, Section § 702 "APA" [Dkt. # 60], but judicial review under the APA is available when there is "no other adequate remedy in a court." 5 U.S.C. § 704. An APA claim predicated on wrongfully withheld agency records "in connection with [a] discrete FOIA request[] . . . is precluded." *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 264 (D.D.C. 2012) (citing *Kenney v. U.S. Dep't of Justice*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009)).

For the foregoing reasons, the Court will deny the plaintiff's pending motions and will now enter judgment for the defendant on all claims. A separate final order accompanies this Memorandum Opinion.

_____s/s_____
BARBARA JACOBS ROTHSTEIN
United States District Judge

DATE: October 3, 2013